UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-642** |
| **LATOYA GAUFF, ET AL** | **SECTION: "H"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 12). For the following reasons, the Motion is GRANTED.

### BACKGROUND

The United States filed a complaint in this action on April 8, 2013, seeking to recover the overpayment of disability benefits. The complaint alleges that Latoya Gauff, and her representative payee Ledenia Gauff, received an overpayment of benefits totaling $26,771.80. Defendants were

1

served with the complaint on July 3, 2013, but have yet to file an answer or otherwise appear in this proceeding.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party who fails to plead or otherwise respond to the complaint within the required time period. Default may be entered against a defendant when the plaintiff shows "by affidavit or otherwise" that the defendant has failed to appear. Fed. R. Civ. P. 55(a). By virtue of the default, Plaintiff's well–pleaded allegations of fact are deemed admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). After default is entered, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b)(2). The decision to enter default judgment is within the sound discretion of the trial court. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

## LAW AND ANALYSIS

Before entering a default judgment, the Court has an affirmative duty to examine its subject matter jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001). Jurisdiction in this matter is conferred by 28 U.S.C. § 1331. Section 1331 provides that district courts shall have subject matter jurisdiction over a civil action which arises under, *inter alia*, the laws of the United States. The well-pleaded complaint rule governs the existence *vel non* of

federal question jurisdiction.  *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Pursuant to this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal question is present when "there appears on the face of the complaint some substantial, disputed question of federal law."  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).  Plaintiff's complaint alleges that 42 U.S.C. § 404(a)(1), which requires the Commissioner of Social Security to recover overpayments from wrongfully paid parties, provides the basis for federal question jurisdiction in this matter.  The Court agrees.

The Court is mindful that default judgments are "generally disfavored in the law."  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).  However, the record in this case shows that Defendants have failed to respond to the Complaint, despite the lapse of six months.[1]  Therefore, the Court finds that the grant of default judgment is warranted.

Plaintiff's Complaint contains sufficient well-pleaded allegations to establish Defendants' liability.  Plaintiff alleges that Defendants continued to receive disability payments after Latoya Gauff's disability was resolved, resulting in an overpayment of $27,771.80.  Plaintiff also attached to the Complaint a "Certificate of Indebtedness" from the Social Security Administration which

---

[1]Counsel for the United States represented to the Court that Plaintiffs contacted his office after being served with the complaint and requested to make payment arrangements but never responded to further attempts to contact them.  Thus it is clear that Plaintiffs had actual notice of the suit and have failed to respond.

certifies the amount of the debt. Defendants have admitted these facts by virtue of their default. *See Nishimatsu*, 515 F.2d at 1206. Thus, it appears that Defendants are indebted to the United States in the amount of $27,771.80.

## CONCLUSION

For the foregoing reasons, the Motion for Default Judgment is GRANTED. Judgment is awarded in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $27,771.80, plus interest at the judicial rate until paid.

New Orleans, Louisiana, this 30th day of January, 2014.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE